# Third District Court of Appeal

## State of Florida

Opinion filed July 22, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1523
Lower Tribunal No. 24-7333-FC-04
_____

**Dimo Veselinov Panov,**
Appellant,

vs.

**Irina Panova,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Dimo Panov, in proper person.

Collazo Law Firm, P.A., and Yesenia A. Collazo, for appellee.

Before LOGUE, LINDSEY, and GOODEN, JJ.

LINDSEY, J.

Appellant, Dimo Veselinov Panov, appeals the trial court's Final Judgment in a dissolution of marriage action with his former wife, Appellee, Irina Panova.[1]  Panov argues that the trial court abused its discretion in making certain findings in the Final Judgment and denying Panov's Motion for a New Trial.  But no substantive error exists on the face of the trial court's orders, and Panov failed to include a transcript for us to meaningfully determine whether there was any abuse of discretion.  See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.").

Still, we reverse and remand to the trial court to clarify a discrepancy in the trial court's Final Judgment and Parenting Plan.  Specifically, the Final Judgment orders that Panova "shall hold the passports for the children."  But in the Parenting Plan attached to the Final Judgment, the trial court found that one child's passports "shall be held by the Father [Panov]" and that the

---

[1] We have jurisdiction under Florida Rule of Appellate Procedure 9.030(b)(1)(a).

other child's passports "shall be held by the Mother [Panova]."  Clearly, this is an internal inconsistency on the face of the final judgment which the trial court should correct.  See A.A. v. D.W., 326 So. 3d 1186, 1187 (Fla. 2d DCA 2021) ("Moreover, an internal inconsistency in a final judgment may warrant reversal and remand for clarification." (citing Stokes v. Stokes, 210 So. 3d 242, 243 (Fla. 2d DCA 2017))); Dowers v. Johnson, 392 So. 3d 140, 143 (Fla. 4th DCA 2024).

As such, we reverse and remand to the trial court for the limited purpose of correcting who is in possession of the children's passports. Reversed and remanded for clarification.